UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

| | CIVIL MINUTES - GENERAL | | JS - 6 |
|---|---|---|---|
| Case No. | CV 12-9643 ABC (AJWx) | Date | November 27, 2012 |
| Title | Anousone Visoutsy v. Jakks Pacific, Inc. | | |

| Present: The Honorable | Audrey B. Collins, United States District Judge | |
|---|---|---|
| Angela Bridges | None Present | N/A |
| Deputy Clerk | Court Reporter / Recorder | Tape No. |
| Attorneys Present for Plaintiffs: | | Attorneys Present for Defendants: |
| None Present | | None Present |

**Proceedings:**  ORDER REMANDING CASE (In Chambers)

On November 9, 2012, Defendant Jakks Pacific, Inc. removed this case from Los Angeles Superior Court based on federal question jurisdiction pursuant to 28 U.S.C. §§ 1331 and 1441(b). (Docket No. 1.) Because it did not appear from the face of Plaintiff's complaint that a federal claim had been asserted, the Court ordered Defendant to show cause why this case should not be remanded for lack of subject-matter jurisdiction. Defendant responded on November 20, 2012. The Court remains unconvinced that a federal question has been alleged in this case and finds that remand is required.

Plaintiff filed a state-court form complaint and checked a box to describe the case as "intellectual property." The only two factual allegations are that "Defendant produced products without permission from inventory plaintiff" (likely meaning "inventor" rather than "inventory") and that "Defendants products infringes on plaintiff intellectual property." (Docket No. 1 (all errors in original).) Defendant argues that this must mean that Plaintiff is asserting copyright and/or patent claims, which fall within federal question jurisdiction. But Defendant offers no facts to substantiate this belief, such as which products could potentially be at issue or why this plaintiff might allege these types of claims against Defendant. An equally plausible interpretation of Plaintiff's complaint is that it is alleging common law trademark or unfair competition claims, which could be based exclusively on California law.

Defendant bears the burden to show that removal is proper. Marin Gen. Hosp. v. Modesto & Empire Traction Co., 581 F.3d 941, 944 (9th Cir. 2009). Because Defendant has not carried that burden, the Court REMANDS this case to Los Angeles Superior Court.

**IT IS SO ORDERED.**

|  | : |
|---|---|
| Initials of Preparer | AB |